***Bruce E. Disenhouse (SBN 078760)***
*bdisenhouse@krsattys-riv.com*
KINKLE, RODIGER AND SPRIGGS
Professional Corporation
3333 Fourteenth Street
Riverside, California 92501
(951) 683-2410
FAX (951) 683-7759

Attorneys for Defendants COUNTY OF RIVERSIDE, *on behalf of itself and erroneously sued as the* COUNTY OF RIVERSIDE DISTRICT ATTORNEY'S OFFICE; MICHAEL HESTRIN; ROD PACHECO and GROVER C. TRASK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EPIFANIA NICOLAS,

Plaintiff,

v.

CITY OF RIVERSIDE, CALIFORNIA; CITY OF RIVERSIDE POLICE DEPARTMENT; COUNTY OF RIVERSIDE, COUNTY OF RIVERSIDE DISTRICT ATTORNEY'S OFFICE; JIM BRANDT; MICHAEL MEDICI; MICHAEL HESTRIN; CHIEF OF POLICE RUSS LEACH; DISTRICT ATTORNEY ROD PACHECO; GROVER C. TRASK; and DOES 1 through 10, Inclusive,

,

Defendants.

**CASE NO.:** CV 09-01737 SVW (PJWx)

ANSWER TO COMPLAINT: DEMAND FOR JURY TRIAL

Defendants COUNTY OF RIVERSIDE, on behalf of itself and erroneously sued as the COUNTY OF RIVERSIDE DISTRICT ATTORNEY'S OFFICE; MICHAEL HESTRIN; ROD PACHECO and GROVER C. TRASK answer the Complaint on file as follows:

I.

Defendants admit the allegations of paragraphs 2, 4, 6, 12, 13 and 17.

II.

Defendants deny the allegations of paragraphs 1, 3, 5, 7, 9, 10, 11, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113 and 114.

As and for affirmative defenses, defendants allege as follows:

1. The complaint fails to allege a claim for relief.

2. The complaint fails to state a claim for relief under Monell as to the County of Riverside.

3. At all times relevant herein, responding individual Defendants were entitled to absolute prosecutorial immunity, thus barring this suit.

4. At all times relevant herein, responding individual Defendants were entitled to qualified immunity, thus barring this suit.

5. At all time relevant herein, Defendants Trask and Pacheco had no personal involvement in this prosecution, thus barring Plaintiff's claims against them under 42 USC Section 1983.

6. At no time did the responding individuals exercise deliberate indifference towards Plaintiff's civil rights, thus barring this suit.

7. At no time did Defendants Trask or Pacheco ratify any unlawful acts, thus barring any claims against them.

8. Responding Defendants had no unlawful customs, practices or policies, thus barring this suit.

9. At no time did Defendants Trask or Pacheco direct any unlawful or unconstitutional conduct at Plaintiff, nor were they aware, nor should they have been aware of any such conduct, thus barring all claims against them.

10. The conduct of Defendant Hestrin was, at all times relevant herein, within the scope of his prosecutorial duties, and in accord with all laws of this state add the United States, thus barring all claims against him. At no time herein did Defendant Hestrin act as a police investigator.

11. That plaintiff is barred from recovery, or said recovery, if any, is proportionately reduced, as any injury or damage allegedly suffered by plaintiff occurred as a proximate result of negligence on the part of plaintiff, in that she failed to exercise ordinary care on his own behalf at the time and place alleged.

12. Plaintiff's claims are barred or reduced by virtue of her failure to mitigate damages.

WHEREFORE, responding defendants pray as follows:

(1) That plaintiff take nothing by reason of her complaint on file herein;

(2) That the complaint be dismissed;

(3) For costs of suit incurred herein; and

(4) For such other and further relief as the Court deems just and proper.

DATED: June 3, 2009

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

BRUCE E. DISENHOUSE

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), and Local Rule 38-1, Defendants demand trial by jury herein.

DATED: June 3, 2009

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

BRUCE E. DISENHOUSE